IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Kevin Tucker,                                    )        C/A No.  3:11-3123-CMC-PJG
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )
                                                 )        **REPORT AND RECOMMENDATION**
Secretary Eric K. Shinseki, *Department of*      )
*Veterans Affairs*,                              )
                                                 )
                    Defendant.                   )
_____          )

    The plaintiff, Kevin Tucker ("Tucker"), a self-represented litigant, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.,[1] against the defendant, Secretary Eric K. Shinseki.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment.  (ECF No. 34.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Tucker of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion.  (ECF No. 35.)  Tucker filed a response in opposition.  (ECF No. 40.)  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

## BACKGROUND

    The following facts are either undisputed or are viewed in the light most favorable to Tucker, to the extent they find support in the record.  Tucker was hired by the Department of Veterans

---

[1] To the extent Tucker invokes 42 U.S.C. § 1981, that statute is not applicable here.  See Middlebrooks v. Leavitt, 525 F.3d 341, 349 (4th Cir. 2008).



Affairs in the summer of 2009 pursuant to a temporary appointment not to exceed September 30, 2010. This temporary appointment was subject to a ninety-day probationary period. Tucker worked without any blemishes on his record until mid-September of 2009, when he had a disagreement with a co-worker, Pam Alston, regarding a work assignment. Shortly thereafter, Tucker's supervisor, Donovan Thompson, began behaving toward Tucker in what Tucker perceived to be a hostile manner. According to Tucker, he complained about Thompson's behavior to Thompson's supervisor, General K. Varner, on September 15 and 17.

On September 16, Thompson verbally counseled Tucker for failing to abide by a memorandum issued by management the day before that prohibited employees from entering the building before a specified time. Thompson also verbally counseled Tucker for being disruptive in a meeting. On September 18, Thompson submitted a Report of Contact to his supervisors, Marcia Hempey and Varner, outlining several instances where he perceived Tucker's behavior to be improper, disrespectful, and insubordinate, and further described an incident where Tucker had failed to process timely a benefits claim. That same day, Thompson's supervisors exchanged e-mails and ultimately concluded that Tucker's employment should be terminated as soon as possible based on the problems identified by Thompson.

On September 21, Thompson again counseled Tucker for wearing a hat in the building. Early in the morning on September 22, Tucker sent an e-mail requesting a meeting with Varner and Hempey. His e-mail stated that if the meeting were not fruitful then Tucker planned to file a formal charge with the Equal Employment Office ("EEO"). Several hours later, Tucker received notice of his termination.



## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*."  Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  See id. at 148 (stating that "[c]ertainly there



will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## B.    Burden-Shifting Framework in Employment Cases

A plaintiff may demonstrate discrimination through direct or circumstantial evidence.  When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden-shifting framework.  Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action.  Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010).  The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142.  Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas frame work—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*." Id. (internal quotation marks & citations omitted).



In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every

[discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

## C.    Tucker's Claims

Tucker's retaliation claim fails because he cannot establish the requisite elements for a *prima facie* case, which typically include:  (1) he engaged in a protected activity; (2) the employer acted adversely against him; and (3) there was a causal connection between the protected activity and the asserted adverse action. Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008); Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007).

"Protected activity" under the statute falls into one of two categories:  opposition or participation. Crawford v. Metro. Gov't of Nashville & Davidson Cnty., 555 U.S. 271 (2009); Peters v. Jenney, 327 F.3d 307, 320 (4th Cir. 2003) (stating that to establish that a plaintiff engaged in protected opposition activity, she must show that she opposed an unlawful employment practice which she reasonably believed had occurred or was occurring).  To constitute protected activity, a plaintiff must have conveyed to the employer a reasonable belief that the actions complained of violated federal law.  Jordan v. Alternative Res. Corp., 458 F.3d 332, 340-41 (4th Cir. 2006) (stating that "an employee seeking protection from retaliation must have an objectively reasonable belief in light of all the circumstances that a Title VII violation has happened or is in progress") (citing Equal Employment Comm'n v. Navy Federal Credit Union, 424 F.3d 397 (4th Cir. 2005)); compare Cordero v. Florida, No. 4:06cv529-SPM/AK, 2007 WL 2972988, at *6 (N.D. Fla. Oct. 9, 2007) (ADA) ("[A]lthough Plaintiff complained generally that [his supervisor] treated him poorly, he never complained about disability harassment. The [employer] cannot be held liable for failing to take prompt remedial action since Plaintiff did not put the [employer] on notice that he was being



harassed because of his disability."); with Okoli v. City of Baltimore, 648 F.3d 216, 224 & n.8 (4th Cir. 2011) (Title VII retaliation) (finding that making a complaint of "harassment" and providing a description of the behavior at issue constituted protected activity under Title VII of which the employer should have known even though the complaint did not use "magic words" identifying the same specific trait (gender) protected under Title VII). Further, "Title VII retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013).

Here, Tucker's Complaint expressly alleges that Thompson treated him poorly because Tucker had argued with Alston, with whom Thompson was having an affair. (Compl. ¶¶ 10-11 at 2, ECF No. 1 at 2) ("Mr. Thompson and Ms. Alston were having an affair. . . . Ms. Alston and the Plaintiff had a disagreement and that is when Mr. Thompson began to retaliate against the Plaintiff."). There is no indication that Tucker's report of this alleged harassment to Varner on September 15 or 17 attributed Thompson's behavior to any other reason—certainly not a trait protected by Title VII. Furthermore, the record unequivocally shows that the decision to terminate Tucker's employment had already been made prior to Tucker's early morning September 22 e-mail referencing an EEO charge, so that statement cannot have been the "but for" cause of the termination. Consequently, Tucker cannot be said to have engaged in activity protected by Title VII that was causally connected to his termination, since he could not have reasonably believed, nor could Varner reasonably have known, that Tucker was reporting conduct rendered unlawful by Title VII. See Cordero, 2007 WL 2972988, at *6 (no mention of disability, only harassment); Fattoruso v. Hilton Grand Vacations Co., LLC, No. 12-2405, 2013 WL 2123088, at *2 (2d Cir. May 17, 2013)



(recognizing long-standing principle that paramour-preference discrimination is not actionable under Title VII); Dowe v. Total Action Against Poverty in Roanoake Valley, 145 F.3d 653, 657 (4th Cir. 1998) (employer must be aware that plaintiff is complaining about conduct made unlawful by Title VII for there to be a causal connection).  For the same reason, Tucker's hostile work environment claim also fails as a matter of law, since Tucker expressly attributes Thompson's hostility to a source other than one protected by Title VII.  See Lightner v. City of Wilmington, N.C., 545 F.3d 260, 263-64 (4th Cir. 2008) (finding that a plaintiff's repeated admission during litigation that the real reason for his suspension was to cover up department wrongdoing wholly undermined plaintiff's claim of race or gender discrimination under Title VII and noting that in offering such explanation as to the real reason for the adverse action, "the plaintiff has undone his case"); Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998) ("To establish a hostile environment claim, Causey must show that "but for" his race or age, he would not have been the victim of the alleged discrimination.").

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment be granted.  (ECF No. 34.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 24, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).