IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kevin Tucker, | ) | C/A No. 3:11-3123-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Secretary Eric K. Shinseki, Department of Veterans Affairs, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Kevin Tucker ("Tucker"), proceeding *pro se*, filed a complaint against his former employer, Secretary Eric K. Shinseki ("Shinseki") of the Department of Veterans Affairs ("VA"), alleging claims for hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

The matter is before the court on Shinseki's motion for summary judgment. Dkt. No. 34. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 24, 2013, the Magistrate Judge issued a Report recommending that Shinseki's motion for summary judgment be granted. Dkt. No. 43. Tucker filed timely objections on August 15, 2013 (Dkt. No. 48), to which Shinseki did not respond. For the reasons stated below, the court adopts the Report and grants Shinseki's motion for summary judgment.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

1

the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## BACKGROUND

Tucker alleges that he was subject to a hostile work environment and that the VA retaliated against him after he threatened to file "a formal Equal Employment Opportunity complaint." Tucker further alleges that he was being harassed by his supervisor, Assistant Coach Donovan Thompson ("Thompson"), and another employee, Pamela Alston ("Alston"). Tucker contends that Thomas and Alston were having an affair, and that they began to harass him after Tucker had a disagreement with Alston.

Tucker alleges that he reported the harassment to Coach General Varner ("Varner") orally on more than three occasions. On September 22, 2009, Tucker contends he sent an email at 7:52 a.m. to Varner requesting a meeting about the harassment and that his "next course of action would be a formal EEO complaint." A few hours later, at 1:00 p.m., Tucker was terminated.

**DISCUSSION**

The Report recommends that the court grant Shinseki's motion for summary judgment because Tucker has failed to establish a *prima facie* case of Title VII discrimination based on hostile work environment or retaliation. Specifically, the Report finds that Tucker's hostile work environment claim fails because "Tucker expressly attributes Thompson's hostility to a source other than one protected by Title VII." Report at 8 (explaining that Tucker's reports of alleged harassment to Varner on September 15 and 17, 2009 did not attribute Thompson's behavior to any trait protected by Title VII, but rather to Thompson's relationship with Alston). The Report finds that Tucker's retaliation claim fails because Tucker did not "engage[] in activity protected by Title VII . . . since he could not have reasonably believed . . . that [he] was reporting conduct rendered unlawful by Title VII." *Id.* at 7. The Report also finds that Tucker's September 22, 2009 email threatening to file an EEO complaint was sent after the VA had decided to terminate Tucker. *Id.* at 7.

Tucker objects to the Report and cites selected portions of a transcript of an administrative hearing on Tucker's claims. Tucker argues that he orally informed Varner three times, on September 15, 17, and 18, 2009, that he was being harassed and that he would file an EEO complaint. Tucker also argues that he should be protected as a "whistleblower" and that the relationship between Thompson and Alston was against VA policy. He also contends that, under VA policy, he should not have been terminated for the stated reasons provided by the VA, and that his supervisors created false reports of his behavior to justify his termination. As explained below, none of Tucker's objections address the underlying problem with his claims – that the alleged harassment and retaliation was based on something not protected by Title VII.

First, Tucker fails to establish a *prima facie* case of discrimination based on hostile work environment in violation of Title VII because the alleged hostile work environment was due to Thompson's relationship with Alston. As stated in the Report, paramour-preference discrimination is not actionable under Title VII. Report at 7-8 (citing *Fattoruso v. Hilton Grand Vacations Co.*, LLC, No. 12-2405, 2013 WL 2123088 at *2 (2d Cir. May 17, 2013)). *See also DeCintio v. Westchester County Medical Center*, 807 F.2d 304 (2d Cir. 1986) (finding that paramour-preference, although unfair, was not unlawful discrimination on the basis of sex). As a result, Tucker's claim based on hostile work environment fails.

Second, in order to prove retaliation, Tucker must first establish that he engaged in a protected activity. Tucker alleges that he engaged in protected activity by opposing a hostile work environment through internal reporting and threatening to file an EEO complaint. The Fourth Circuit has held that Title VII "provides protection of an employee's opposition activity when the employee responds to an actual unlawful employment practice" or when an employee's opposition activity "responds to an employment practice that the employee *reasonably believes* is unlawful." *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 337 (4th Cir. 2006) (emphasis in original). The issue of "whether an employee reasonably believes a practice is unlawful is an objective one" and "may be resolved as a matter of law." *Id.* at 339. Here, Tucker did not oppose an actual unlawful employment practice under Title VII because, as explained above, he opposed paramour-preference discrimination, which is not actionable under Title VII. Neither did Tucker reasonably believe that he was opposing an unlawful employment practice under Title VII because an objectively reasonable person would not believe that paramour-preference discrimination is unlawful under Title VII. Even assuming Tucker reasonably believed that he was complaining about unlawful discrimination, Varner would not have been aware that Tucker had engaged in

4

protected activity because Varner cannot be expected to have understood that Tucker was complaining about conduct prohibited by Title VII.[1] Accordingly, Tucker's retaliation claim must fail.

Finally, Tucker's objection about protection as a whistleblower does not relate to his asserted claims under Title VII. *See Jamil v. Secretary, Dept. of Defense*, 910 F.2d 1203, 1207 (4th Cir. 1990) ("Title VII is not a general 'bad acts' statute; it only addresses discrimination on the basis of race, sex, religion, and national origin, not discrimination for whistleblowing."). Any alleged false reports of his employment behavior and his supervisors' alleged violations of VA policy would be relevant, if at all, to pretext, which the court need not consider because Tucker has failed to establish a *prima facie* case of retaliation.

---

[1] The Fourth Circuit has explained the requirement that an employer understood, or should have understood, that a plaintiff was complaining about conduct prohibited by Title VII for retaliation claims:

> Our cases hold that an employee's complaint constitutes protected activity when the employer understood, or should have understood, that the plaintiff was opposing discriminatory conduct. *Richardson v. Richland Cnty. School Dist. No. 1*, 52 Fed. Appx. 615, 617 (4th Cir. 2002) (citing *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 291–92 (2d Cir. 1998) ( "[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII.")); *Sajadian v. Am. Red Cross*, No. 99–1263, 1999 WL 1111455, at *1 (4th Cir. Dec. 7, 1999) (same); *see also* EEOC Compliance Manual § 8–II.B.2 (2006) ("[A] protest is protected opposition if the complaint would reasonably have been interpreted as opposition to employment discrimination."). Determining whether an employer should have understood a complaint to constitute protected activity requires courts to consider whether the complaint could reasonably have led the employer to understand the nature of the complaint in the context in which it was made. *Richardson*, 52 Fed. Appx. at 617.

*Burgess v. Bowen*, 466 Fed. Appx. 272, 282 (4th Cir. 2012).

5

## CONCLUSION

For reasons stated above, the court adopts the Report and grants Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

        S/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 18, 2013